UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BANTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.; DOES 1–10 inclusive,<br><br>　　　　　Defendants. | No. 1:19-cv-00928-DAD-JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 5) |

This matter is before the court on defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss plaintiff Darryl Banton's complaint. On October 16, 2019, the motion came before the court for hearing. Attorney Fernando Leone appeared on behalf of plaintiff, and attorney Patil Derderian appeared on behalf of defendant. Based on the court's review of the pending motion and the information presented by counsel at the hearing, defendant's motion to dismiss will be granted.

**BACKGROUND**

Plaintiff originally filed this action on May 30, 2019 in Kern County Superior Court, alleging violations of California's Homeowner's Bill of Rights, California Civil Code § 2923.5 *et seq.*, as well as claims of negligence and unfair competition, California Business & Professions Code § 17200 *et seq.*, as they relate to his residential mortgage loan modification application.

1

(Doc. No. 1, Ex. A ("Compl.") at ¶¶ 20–77.) The crux of the suit is that, according to plaintiff, defendant has attempted to foreclose on his personal residence at 1201 Alder Avenue, Tehachapi, CA 93561 (the "Property"), despite his efforts to seek loan modification. (*Id.* at ¶¶ 20–77.)

Defendant removed the action to this court on July 5, 2019 on the basis of diversity jurisdiction and moved to dismiss the complaint on August 9, 2019. (Doc. Nos. 1, 5.) Plaintiff responded in opposition on August 27, 2019, and defendant replied on October 9, 2019. (Doc. Nos. 9, 13.)

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the

plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A claim alleging fraud must satisfy heightened pleading requirements. Fed. R. Civ. P. Rule 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word fraud is not used)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations omitted). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Under Rule 9(b), the "circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of its particular misconduct . . . so they can defend against the charge and not just deny that they have done anything wrong." *Kearns*, 567 F.3d at 1124 (internal quotations omitted) (citing *Bly-Magee*, 236 F.3d at 1019). To satisfy the particularity standard of Rule 9(b), the plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction" at issue. *Id.* (internal quotation marks omitted) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011)); *see also Vess*, 317 F.3d at 1106 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotation marks omitted).

## LEGAL ANALYSIS

In his complaint, plaintiff alleges seven causes of action: 1) violations of the California Homeowner Bill of Rights ("HBOR"), California Civil Code §§ 2923.6(c), 2923.7, 2924.9, and 2924.10 (the First through Fourth Causes of Action, respectively); 2) a negligence claim (the

/////

/////

3

Fifth Cause of Action); and 3) a violation of California's Unfair Competition Law ("UCL"), California Civil Code §§ 17200, *et seq* (the Sixth Cause of Action).[1] [2]

Defendant has moved to dismiss the complaint for the following reasons: 1) the HBOR claims fail because the Property is not owner-occupied; 2) the §§ 2923.6, 2924.9, and 2924.10 claims fail because plaintiff's loan modification application (the "Application") is not complete; 3) the § 2393.7 claim fails because plaintiff did not allow defendant reasonable time to provide him with a Single Point of Contact ("SPOC"); 4) the §§ 2924.9 and 2924.10 claims fail because plaintiff was already aware of the alternatives to foreclosure when he submitted his loan modification application; 5) the negligence claims fail because plaintiff failed to allege any damages and defendant does not owe him an extra duty of care; and 6) the UCL claims fail because plaintiff has not alleged facts showing that defendant's actions are wrongful or unlawful or that they caused him any damage. The court addresses each contention in turn below.

**A.    The Homeowner Bill of Rights Claims**

Plaintiff alleges in his complaint that he is the "rightful and lawful owner[]" of the Property and that it "his personal residence." (Compl. at ¶ 1.) This, if true, would make him eligible for certain protections under the HBOR:

> Unless otherwise provided, paragraph (5) of subdivision (a) of Section 2924, and Sections 2923.5, 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, and 2924.18 shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units. For these purposes, "owner-occupied" means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes.

Cal. Civ. Code. § 2924.15.

Defendant argues that plaintiff has failed to adequately allege that the Property is owner-occupied, pointing to plaintiff's loan modification application and IRS Form 4506-T that plaintiff

---

[1] Plaintiff had brought a Seventh Cause of Action under 15 U.S.C. § 1641(g)(1) but stipulated to its voluntary dismissal on August 27, 2019. (Doc. No. 8.)

[2] The court will refer to the causes of action as they are numbered on the cover page of plaintiff's complaint due to the inconsistent numbering used within the body of the complaint. (*See* Compl.)

4

attached to his complaint. (Doc No. 5 at 14–15; Doc. No. 1, Ex. 1 at 59–60, 64.) In his loan modification application, plaintiff lists his mailing address as 108 E. 138th Street, Los Angeles, California 93561, and declares that the Property is an investment property currently occupied by a renter. (Doc No. 1, Ex. 1 at 59–60, 64.) On the IRS form, plaintiff provides the same Los Angeles address listed above, and not the address of the Property, as his current address. (*Id.*) These exhibits to the complaint, submitted by plaintiff himself, plainly contradict his conclusory allegation that the Property is owner-occupied.

Because the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted), the court concludes that plaintiff has failed to adequately plead that the Property is owner-occupied, as required by § 2924.15. Plaintiff thus has failed to state cognizable claims under §§ 2923.6, 2923.7, 2924.9, and 2924.10. *See Petrey v. Wells Fargo Bank, N.A.*, No. 2:17-cv-00503-TLN-DB, 2018 WL 5099279, at *6 (E.D. Cal. Oct. 17, 2018) (dismissing HBOR claims because plaintiff did not adequately plead that his property was owner-occupied).

In addition, plaintiff also failed to respond in his opposition to defendant's arguments regarding the non-owner-occupied status of the Property. Plaintiff thus effectively abandons his HBOR claims, which depend on the Property being owner-occupied. *See Contreras v. Esper*, No. 2:14-cv-01282-KJM-KJN, 2018 WL 1503678, at *3 (E.D. Cal. Mar. 27, 2018) (dismissing claims without leave to amend because plaintiff abandoned his claims when he "did not file an opposition or statement of non-opposition") (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) and *Moore v. Apple, Inc.*, No. 14-cv-02269-LHK, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014)).

For the reasons discussed above, defendant's motion to dismiss will be granted with prejudice as to plaintiff's First, Second, Third, and Fourth Causes of Action. The court therefore need not reach defendant's other arguments regarding plaintiff's HBOR claims.

**B.     Negligence Claim**

According to plaintiff, defendant breached its duty of care to him when it negligently handled his loan modification application in violation of §§ 2923.6, 2923.7, 2924.9, and 2924.10

of the HBOR. (*See* Compl. at ¶ 47.) Defendant argues that mere lenders of money, such as itself, owes no duty of care to borrowers. (Doc. No. 5 at 22–23.)

However, regardless of whether defendant owed plaintiff a duty of care, plaintiff's negligence claims necessarily fail because they rely on HBOR protections for which plaintiff is not eligible. *See* Cal. Civ. Code. § 2924.15 (extending the protections of §§ 2923.6, 2923.7, 2924.9, and 2924.10 only to owner-occupied properties). Because plaintiff's HBOR claims must be dismissed, so too must his negligence claims.

**C.     Unfair Competition Claim**

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200 *et seq*. Plaintiff alleges violations of all three prongs of the UCL. (Compl. at ¶¶ 63–66.)

Turning first to the unlawful prong of plaintiff's claim, he relies on his HBOR claims to allege that defendant committed an unlawful act in violation of the UCL. (*See id.* at ¶ 66(e).) However, as explained above, those claims are fatally flawed leaving plaintiff without a predicate for his UCL claim. That prong of his claim must therefore be dismissed with prejudice. *See Coltrin v. James B. Nutter & Co.*, No. 2:19-cv-00483-JAM-DMC, 2019 WL 2191340, at *5 (E.D. Cal. May 21, 2019) (dismissing unlawful prong of a UCL claim because the plaintiff "failed to demonstrate that the conduct was in violation of any other law").[3]

What remains are the fraudulent and unfair business practices prongs of the UCL, which are supported by plaintiff's allegations that defendant engaged in "false representations" and purposefully delayed processing of plaintiff's loan modification application, respectively. (Compl. at ¶¶ 65, 66(b).)

With respect to the fraudulent prong of his claim, plaintiff's complaint does not even identify any of the "false representations" that defendant allegedly made. The only possibly

---

[3] Even if plaintiff was able to proceed on his negligence claim, he would not be able to rely on it as a predicate a UCL claim based on unlawful conduct. *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1150 (N.D. Cal. 2010) ("Plaintiffs' negligence . . . claims may not constitute predicate acts for a UCL claim.") (*citing Hartless v. Clorox Co.*, No. 06–CV–2705, 2007 WL 3245260, at *5 (S.D. Cal. Nov. 2, 2007)).

relevant parts of the complaint are as follows:

> PLAINTIFF alleges that WELLS DEFENDANT negligently made false representations. WELLS DEFENDANT's negligent conduct is likely to deceive members of the public generally because WELLS DEFENDANT offered modifications, but not actual assistance with such actions as described here in.
>
> . . .
>
> In the present case, the information provided to PLAINTIFF was certainly misleading and not consistent as to the status of the loan modification and what she [*sic*] was supposed to do to satisfy the lender's demands.

(Compl. at ¶¶ 65, 70.)

"To properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Scott v. Bluegreen Vacations Corp.*, No. 1:18-cv-649-AWI-EPG, 2018 WL 6111664, at *5 (E.D. Cal. Nov. 21, 2018) (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)). Plaintiff's complaint does none of that and is wholly insufficient to support an allegation of fraud under the UCL. *See also* Fed. R. Civ. P. Rule 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Quelimane Co. v. Stewart Title Guar. Co.*, 960 P.2d 513, 525 (1998), *as modified* (Sept. 23, 1998) ("[F]raud is the only remaining cause of action [under the UCL] in which specific pleading is required to enable the court to determine on the basis of the pleadings alone whether a foundation existed for the charge . . . ."). Plaintiff's fraud-based UCL claim will therefore be dismissed with leave to amend.

Turning to plaintiff's allegation that defendant purposefully delayed processing of his loan modification application, the court will analyze this under the relevant prong of the UCL: the unfair business practice prong. A plaintiff alleging an unfair business practice must:

> [A]t minimum, explain how the alleged unlawful business act or conduct is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." The applicable test asks whether "the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided."

7

*Maestas v. Wal-Mart Stores, Inc.*, No. 2:16-cv-02597-KJM-KJN, 2018 WL 1518762, at *2 (E.D. Cal. Mar. 28, 2018) (citations omitted).

However, plaintiff allegedly submitted his loan modification application on May 15, 2019, only to file this action just two weeks later, on May 30, 2019. (*See* Compl.) Plaintiff does not explain how or why a wait of two weeks is such a "prolonged review" that it constitutes an unfair business practice, especially in the absence of any allegation that defendant promised to review his application within a particular time period. *Cf. e.g.*, *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 78–80, 84 (2013) (concluding that the plaintiff stated a UCL claim under the unfair business practices prong when he alleged that the defendant foreclosed on his home even though they had told him, at various points, that: 1) a foreclosure sale would not happen while his loan modification application was under review; 2) he was not eligible for a loan modification but that they would contact him within 10 days to explore other options; and 3) he had been approved for a loan modification).

Nor does plaintiff explain how a purportedly "lengthy delay" of two weeks caused any of the late fees and accrued interest—injuries that are synonymous with defaulting on a home loan—that plaintiff claims to have suffered. *See In re Turner*, 859 F.3d 1145, 1151 (9th Cir. 2017) ("A plaintiff fails to satisfy this causation requirement [for standing under the UCL] if he or she would have suffered 'the same harm whether or not a defendant complied with the law.'" (citation omitted)).

Plaintiff has also failed to substantively respond to defendant's argument that his loan application could not be reviewed at all—let alone within a two-week period—because it was incomplete due to the contradictory documentation submitted by plaintiff. (Doc. No. 5 at 21–22.) Instead, plaintiff cursorily re-asserted in his opposition that his application was complete. (Doc. No. 9 at 7, 10.)

For the above reasons, plaintiff cannot sustain an unfair business practices claim on the set of facts currently plead.

/////

/////

8

Accordingly:

1. Defendant's motion to dismiss (Doc. No. 5) will be granted;

2. Plaintiff's HBOR and negligence claims are dismissed with prejudice because the granting of leave to amend would be futile under the circumstances, as is the unlawful prong of his UCL claim;

3. The fraudulent and unfair business practices prongs of plaintiff's UCL claims are dismissed with leave to amend; and

4. Any amended complaint shall be filed within fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

Dated: **December 4, 2019**

UNITED STATES DISTRICT JUDGE