UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BANTON,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., and DOES 1–10 inclusive,<br><br>  Defendants. | No. 1:19-cv-00928-DAD-JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE<br><br>(Doc. No. 31) |

This matter is before the court on defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss plaintiff Darryl Banton's First Amended Complaint ("FAC"). (Doc. Nos. 22, 31.) The court has deemed the matter suitable for decision on the papers under Local Rule 230(g) and, for the reasons explained below, will grant defendant Wells Fargo's motion to dismiss with prejudice.

**BACKGROUND**

Defendant removed this action from Kern County Superior Court on July 5, 2019. (Doc. No. 1.) The crux of plaintiff's claims is that defendant attempted to foreclose on plaintiff's property located at 1201 Alder Avenue, Tehachapi, CA 93561, despite plaintiff's efforts to seek a loan modification from defendant. (Doc. No. 22.)

/////

1

On December 6, 2019, the court granted defendant's motion to dismiss with prejudice as to most of plaintiff's claims. (Doc. No. 19.) The court, however, granted plaintiff leave to amend with respect to the fraudulent and unfair business practice prongs of his claim brought under California's Unfair Competition Law ("UCL"), California Civil Code § 17200, *et seq*. (*Id.*)

In his FAC, filed December 18, 2019, plaintiff alleges that defendant's actions vis-à-vis the processing of his loan modification application violated the fraudulent and unfair business practices prongs of the UCL. (Doc. No. 22 at ¶ 27.) Defendant have now moved again to dismiss plaintiff's claim. (Doc. No. 31. at 7–8.) On March 17, 2020, plaintiff filed his opposition, and, on May 8, 2020, defendant filed its reply. (Doc. Nos. 34, 38.)

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Naruto v. Slater*, 888 F.3d 418, 421 (9th Cir. 2018) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). However, the court need not accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988. Neither must the court "assume the truth of legal conclusions cast in the form of factual allegations." *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008) (citation omitted).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is also inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A complaint alleging fraud must also satisfy heightened pleading requirements. Fed. R. Civ. P. Rule 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003)). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess*, 317 F.3d at 1107.

Under Rule 9(b), the "circumstances constituting the alleged fraud [must] be 'specific enough to give defendants notice of its particular misconduct . . . so they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns*, 567 F.3d at 1124 (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). To satisfy the particularity standard of Rule 9(b), the plaintiff must allege the "'who, what, when, where, and how' of the misconduct charged." *Id.* (citing *Vess*, 317 F.3d at 1106).

## LEGAL ANALYSIS

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 *et seq*. The three aforementioned "prongs" each maintain a distinct theory of liability and basis for relief. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999); *see also Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). As stated above, plaintiff alleges that defendant's actions violated the

fraudulent and unfair business practices prongs of the UCL.  (Doc. No. 22 at ¶ 27.)

**A.     The Fraudulent Prong**

To advance a theory of fraud under the UCL, a plaintiff must allege facts showing that reasonable members of the public are likely to be deceived by the allegedly fraudulent conduct. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).  And "[t]o properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement . . . .'" *Scott v. Bluegreen Vacations Corp.*, No. 1:18-cv-649-AWI-EPG, 2018 WL 6111664, at *5 (E.D. Cal. Nov. 21, 2018) (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).

Here, plaintiff alleges that defendant made "deceitful misrepresentations" about the loan modification process. (Doc. No. 22 at 6–7.)  Yet plaintiff has failed to include any allegations in the FAC identifying any specific statements, let alone who said them or when they were said. Plaintiff even appears to contradict his own allegations in this regard.  Plaintiff initially claims that defendant affirmatively represented to him that his loan modification application was complete, but later frames defendant's conduct as an omission, rather than an affirmative act. (*Id.*)  Either way, plaintiff still has not plead any specific facts to support his allegations that defendant engaged in "deceitful misrepresentations."  *Cf., e.g.*, *Rufini v. CitiMortgage, Inc.*, 227 Cal. App. 4th 299, 302–03, 310 (2014), *as modified on denial of reh'g* (July 22, 2014) (describing a well-pled UCL claim involving a bank's alleged dual-tracking scheme to delay a mortgagor's loan modification application so that it could foreclose on his house); *Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th 1293, 1297–99, 1302–04 (2015), *as modified* (Jan. 14, 2016) (same).

Instead, plaintiff alleges in the FAC—almost verbatim—the same three "fraudulent" actions as in his original complaint that the court rejected as insufficiently pled. (Doc. No. 19 at 7–8; *compare* Doc. No. 22 at ¶ 27, *with* Doc. No. 1 at ¶ 66.)  Plaintiff cannot avoid dismissal of his fraud claim under the UCL by merely appending the terms "fraud" or "fraudulent" to his allegations. (Doc. No. 22 at ¶¶ 20, 22, 27, 28.)  And despite having been granted leave to amend to cure the deficiencies of his original complaint, plaintiff has again failed to allege facts

4

sufficient to support a claim under the fraudulent prong of the UCL. In fact, plaintiff appears to have made no effort to cure any of the deficiencies identified by the court. This claim will therefore be dismissed with prejudice. *See Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1135 (N.D. Cal. 2010) ("When amendment would be futile[,] . . . dismissal may be ordered with prejudice.").

**B.     The Unfair Business Practice Prong**

Similar deficiencies plague plaintiff's claim under the unfair business practice prong of the UCL. Although neither party specifies their preferred test for determining whether a business practice is "unfair," *see Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 612 (2014) (identifying a three-way split between California appellate courts as to the proper test to be applied in assessing the unfair prong of the UCL), a plaintiff alleging an unfair business practice must

> at minimum explain how the alleged unlawful business act or conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. The applicable test asks whether the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided.

*Maestas v. Wal-Mart Stores, Inc.*, No. 2:16-cv-02597-KJM-KJN, 2018 WL 1518762, at *2 (E.D. Cal. Mar. 28, 2018) (internal quotation marks and citation omitted).

Here, plaintiff alleges that defendant violated plaintiff's rights "by failing to timely and fairly evaluate . . . [his] . . . application for a loan modification." (Doc. No. 22 at ¶ 21.) However, plaintiff fails to explain how defendant's application review process allegedly constitutes an unfair business practice. As the court observed in its previous order,

> plaintiff allegedly submitted his loan modification application on May 15, 2019, only to file this action just two weeks later, on May 30, 2019. Plaintiff does not explain how or why a wait of two weeks is such a "prolonged review" that it constitutes an unfair business practice, especially in the absence of any allegation that defendant promised to review his application within [that] time period.

(Doc. No. 19 at 8.) The court's observations aimed at plaintiff's original complaint remain true today because in his FAC plaintiff again fails to explain why he believed the loan modification

5

process would be completed within two weeks, and why he thinks defendant's failure to do so was unfair. *See Maestas*, 2018 WL 1518762, at *2. In contrast, the plaintiffs in *Rufini v. CitiMortgage* and *Majd v. Bank of America* alleged specific, material facts to support their allegations that the defendants in those cases engaged in dual-tracking in an attempt to foreclose on the plaintiff's homes. *Rufini*, 227 Cal. App. 4th at 302–03; *Majd*, 243 Cal. App. 4th at 1297–99; *see also Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 55–59, 83–86 (2013). Here, plaintiff merely accuses defendant—without any facts alleged—of having "implemented a flawed loss mitigation review process," "purposefully impeded loss mitigation," and "fail[ed] to communicate with plaintiff." (Doc. No. 22 at ¶ 28.) Moreover, plaintiff has again failed to respond to defendant's argument that "his loan application could not be reviewed at all—let alone within a two-week period—because it was incomplete due to the contradictory documentation submitted by plaintiff." (Doc. No. 19 at 8; *see also* Doc. No. 38 at 4.)

Despite having been granted leave to amend his complaint, plaintiff has failed to plead facts sufficient to state a legally cognizable claim under the unfair business practice prong of the UCL. As with the fraudulent prong, plaintiff appears to have made no effort to cure the deficiencies identified by the court in its prior order. This claim will therefore be dismissed with prejudice. *See Romero*, 740 F. Supp. 2d at 1135.

## CONCLUSION

Accordingly:

1. Defendant's motion to dismiss (Doc. No. 31) is granted;
2. Plaintiff's First Amended Complaint (Doc. No. 22) is dismissed with prejudice; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 30, 2020**

UNITED STATES DISTRICT JUDGE